UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02357 RGK (RZx) | Date | January 16, 2015 |
|---|---|---|---|
| Title | *JOELL BRADFORD v. MEDICREDIT, INC. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re: Plaintiff's Motion for Attorney Fees (DE 53)**

On December 23, 2014, Joell Bradford ("Plaintiff") filed a Complaint against Medicredit, Inc. ("Defendant"). Plaintiff alleged claims against Defendant for violation of the Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Act. According to the Complaint, Defendant demanded payment on an account that had already been paid in full, submitted false information to the credit bureaus, and continued its demand for money not owed on the account. To stop Defendant's demands, Plaintiff ultimately paid the amount requested. Plaintiff alleged that, as a result of Defendant's action, Plaintiff suffered monetary damages, damage to her credit, which hindered her ability to refinance her automobile and purchase a home, and emotional distress.

Defendant consented to liability up to the full amount of available statutory damages, but disputed that Plaintiff was entitled to any actual damages.[1] On the day of trial, the parties reached a settlement. Pursuant to the settlement agreement, Plaintiff was to receive $15,000 in damages, and reasonable attorneys fees and costs.

Plaintiff now requests a determination of reasonable attorneys fees, as authorized under both the FDCPA and the Rosenthal Act. Plaintiff seeks an award of $30,707.50, based on an hourly billing rate of $350. For the following reasons, the Court **grants in part** Plaintiff's motion.

---

[1] Defendant contends that when it first became aware of the incorrect *amount* of debt still owed by Plaintiff ($554 versus $54), it took action immediately and corrected the error. However, because of the strict liability nature of the statutes, Defendant consented to liability for purposes of trial. (Opp'n, 2:13-18.)

In determining reasonable attorneys fees, the Ninth Circuit uses the lodestar approach set forth by the U.S. Supreme Court in *Hensley v. Eckerhart*. *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, excluding any hours not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Van Gerwen*, 214 F.3d at 1045 (citing to *Hensley*, 461 U.S. at 433). The party moving for attorney's fees bears the burden of providing sufficient documentation showing that the hours expended, and the hourly rates, are appropriate. *Hensley* 461 U.S. at 437. As to the hours expended, the moving party should exercise "billing judgment," and proof of such should be presented in such a manner so as to identify the nature of each distinct claim for the court and the client. *Id.* Once the lodestar is calculated, district courts then may adjust the lodestar using a "multiplier" based on factors, such as "results obtained" by Plaintiff, not initially considered in determining the lodestar. *Id.*

Plaintiff has provided adequate evidence supporting the $350 hourly billing rate as reasonable. Based on the amount of fees requested, Plaintiff contends that 87.74 hours was reasonably expended on the case. Plaintiff's billing record, alone, raises no apparent concerns with the amount and nature of the time spent on the case from inception to the date of trial. Therefore, the loadstar amount is, in fact, the amount requested by Plaintiff. However, evidence in the record shows that multiple settlement offers had been made the during the course of litigation. Based on the nature of the dispute and the facts at issue, the Court has consistently maintained that this action should have been settled at a much earlier stage in litigation, as evidenced by the parties' final settlement. Therefore, much of the fees incurred toward the end of the case were unnecessary and unreasonable, serving no purpose other than generating additional attorneys fees. For this reasons, the Court applies a negative multiplier of 20%, reducing the attorneys fees award to $24,566.

Based on the foregoing, the Court grants reasonable attorneys fees to Plaintiff in the amount of **$24,566**.

**IT IS SO ORDERED.**

: _____

Initials of Preparer _____